**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THE OHIO CASUALTY INSURANCE COMPANY,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-239-TPB-AAS**

**A.O. INDUSTRIAL SOLUTIONS, LLC, JAMES AIENA, and SARITA AIENA,**

**Defendants.**
**________________________________________/**

**REPORT AND RECOMMENDATION**

Plaintiff The Ohio Casualty Insurance Company (Ohio Casualty) moves for entry of default judgment against Defendant A.O. Industrial Solutions, LLC (A.O. Industrial) based on its failure to respond to the complaint. (Doc. 26). For the reasons below, it is recommended that Ohio Casualty's motion be **DENIED without prejudice**.

## I. BACKGROUND

Ohio Casualty requests judgment against A.O. Industrial on its two-count complaint of breach of indemnity agreement and specific performance for alleged losses suffered due to having issued a Performance Bond and Payment Bond. (Doc. 1). Ohio Casualty's complaint raises these claims jointly and severally against Defendants A.O. Industrial, James Aiena, and Sarita Aiena. (*Id.*).

Because A.O. Industrial failed to respond to Ohio Casualty's complaint, the Clerk entered a default against it.[1] (Doc. 19). Ohio Casualty now moves for final default judgment for its losses against A.O. Industrial.

## II. LEGAL STANDARD

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco*

---

[1] James and Sarita Aiena responded to Ohio Casualty's complaint. (Docs. 13, 14).

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).

In a case involving multiple parties, Federal Rule of Civil Procedure Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Essex Ins. Co. v. Moore*, No. 6:11-cv-515-Orl-19KRS, 2011 WL 3235685, at *1 (M.D. Fla. July 28, 2011) (citation omitted). Specifically, in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable with other defendants until the matter has been adjudicated regarding all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). The Eleventh Circuit has extended this prohibition against logically inconsistent judgments to other cases where "defendants are similarly situated, but not jointly liable." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). "Thus, entry of a default judgment against a defaulted party is inappropriate in a case involving

multiple defendants who are jointly liable or similarly situated." *Jain v. Nexgen Memantine, Inc.*, No. 8:20-CV-2263-VMC-JSS, 2022 WL 17995603, at *2 (M.D. Fla. Dec. 9, 2022), *report and recommendation adopted*, No. 8:20-CV-2263-VMC-JSS, 2022 WL 17992272 (M.D. Fla. Dec. 29, 2022).

## III. ANALYSIS

Ohio Casualty requests a default judgment against A.O. Industrial on its two-count complaint. Each of these counts also includes claims against James and Sarita Aiena, jointly and severally. (*See* Doc. 1, pp. 8, 10). Because this action is still pending against James and Sarita Aiena, granting default judgment now risks inconsistent judgments.[3] *See PNC Bank, Nat'l Ass'n v. Lucmaur, LLC*, No. 6:14-cv-248-Orl-37KRS, 2014 WL 12629787, at *1–2 (M.D. Fla. Aug. 27, 2014) (finding entering a default judgment against only one defendant risked inconsistent judgments).

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Ohio Casualty's motion for entry of default judgment (Doc. 26) be **DENIED without prejudice**.

[3] Ohio Casualty's motion recognizes that "because there are multiple defendants who are jointly liable with [A.O. Industrial], the Court may elect to defer entry of a default judgment until the liability of the other defendants is adjudicated." (Doc. 26, p. 8).

**ENTERED** in Tampa, Florida, on July 28, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.